Jack L. HARRIS, Plaintiff—Appellee,

v.

Allen SJOSTRAND, Gary T. Yancey
Defendants—Appellants,

and

County of Contra Costa, Defendant.

Nos. 00–16666, 00–16672.

D.C. No. CV–98–04553–CRB/JL.

United States Court of Appeals,
Ninth Circuit.

Argued and submitted July 10, 2001.

Decided July 31, 2001.

Before SNEED, WARDLAW, and BERZON, Circuit Judges.

## MEMORANDUM *

Appellants Gary Yancey and Allen Sjostrand appeal the district court's order denying their motions for summary judgment on grounds of qualified immunity in Appellee's action alleging termination in retaliation for constitutionally protected speech. We affirm. The facts are familiar to the parties, so we will not recite them except as necessary to explain our decision.

■ 1. The district court correctly determined that the content of Harris'

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

speech—which included allegations that Inspector Todd had omitted exculpatory evidence from a report, ransacked a room during execution of a search warrant, and improperly closed an investigation—involved matters of public concern, and that no reasonable person in Sjostrand or Yancey's position could have thought otherwise. It was well established at the relevant time that speech regarding allegedly illegal or unconstitutional activity by a public servant is at the core of First Amendment protection. *Johnson v. Multnomah County*, 48 F.3d 420 (9th Cir.1995); *Hyland v. Wonder*, 972 F.2d 1129, 1137 (9th Cir.1992); *Allen v.. Scribner*, 812 F.2d 426, 431, *as amended*, 828 F.2d 1445 (9th Cir.1987). Harris' comment, under questioning by Sjostrand, that he did not know whether Todd had destroyed material evidence does not, in context, deprive his concerns of their public nature. The clear import of Harris' response to Sjostrand was only that he viewed it as management's role, and not his, to make the final determination as to the propriety of Todd's actions.

■ Nor do the form and context of Harris' speech detract from its public character. *See Chateaubriand v. Gaspard*, 97 F.3d 1218, 1223 (9th Cir.1996). The form of the speech—complaints to Harris' superiors, rather than to the general public—does not remove it from the realm of public concern. *Givhan v. Western Line Consol. Sch. Dist.*, 439 U.S. 410, 415–16, 99 S.Ct. 693, 58 L.Ed.2d 619 (1979). In examining context, "we focus on the *point* of the speech." *Chateaubriand*, 97 F.3d at 1223, *citing Roth v. Veterans' Administration*, 856 F.2d 1401, 1405 (9th Cir.1988) (emphasis in original). The district court assumed for summary judgment purposes that Harris's complaints

of this circuit except as may be provided by 9th Cir. R. 36–3.

were motivated by concern about the allegedly illegal and/or unconstitutional activities, and not by solely personal concerns about preserving his job. For present purposes, of course, we assume the same facts, which, if proven at trial, would "demonstrate a public rather than a purely private motive for [Harris'] speech." *Chateaubriand,* 97 F.3d at 1223.

■ 2. The district court correctly held that, applying the analysis of *Pickering v. Board of Education,* 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968) to the facts alleged by Harris and supported by evidence, and drawing all inferences in Harris' favor, the government's legitimate administrative interest in promoting workplace efficiency and avoiding workplace disruption did not outweigh the interests served by allowing Harris to express his concerns. *Keyser v. Sacramento City Unified Sch. Dist.,* 238 F.3d 1132, 1136 (9th Cir.2001). Moreover, the district court correctly concluded that, under the version of the facts most favorable to Harris, no reasonable person in either Sjostrand or Yancey's position could have believed his actions were lawful.

■ First, "[d]efendants cannot rely on disruption which they instigated or exacerbated to outweigh [Harris'] First Amendment rights." *Roth,* 856 F.2d at 1408; *Hufford v. McEnaney,* 249 F.3d 1142, 1149 (9th Cir.2001). Thus, any disruption stemming from Sjostrand's handling of Harris' complaint—including requiring Harris to meet with Todd to discuss his concerns—may not be considered in the *Pickering* balancing. Second, "the presence or absence of disruption is not entitled to the same weight" in the whistleblowing context as it is where a public employee's speech involves "mere criticism of the visions or policies of management." *Hufford,* 249 F.3d at 1149. In order to satisfy *Pickering,* an employer "must do more than

show mere disruption, instead it must show actual injury to its legitimate interests ....[and e]mployers cannot be said to have a legitimate interest in silencing reports of corruption or potential illegality." *Id.* On the view of the facts that we must take at this stage, then, qualified immunity is unavailable.

■ 3. Appellants' remaining contentions raise factual disputes that are beyond our jurisdiction at this stage. The district court determined that a reasonable juror could conclude that Harris' speech motivated Appellants' decision to terminate Harris. Similarly, the district court concluded that there are genuine issues of material fact concerning whether Harris' allegations of improper conduct were true or false, whether there was an appropriate investigation of those allegations leading Appellants reasonably to conclude that they were not true, and whether Harris' actions were in fact unduly disruptive applying the proper *Pickering* analysis. These sufficiency of the evidence determinations are not reviewable on interlocutory appeal, because the district court's determination that the summary judgment record in this case raised a genuine issue of fact concerning why Harris was terminated is not an appealable final decision. *Johnson v. Jones,* 515 U.S. 304, 307, 313, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995); *Hufford,* 249 F.3d at 1150–51.

AFFIRMED